A02A1233. CITY OF ATLANTA v. HECTOR.
(569 SE2d 600)

BLACKBURN, Chief Judge.

Following the superior court's dismissal of its petition for a writ of certiorari concerning the termination of Agatha Hoyer Hector, the City of Atlanta appeals, contending that the trial court erred by finding that its petition had not been timely filed. For the reasons set forth below, we agree and reverse.

The record shows that, on June 19, 2000, Hector was terminated

from a position with the City of Atlanta Department of Finance for negligence and misconduct in performing her duties. Hector appealed to the City of Atlanta's Civil Service Board, which ordered that Hector's dismissal be rescinded, that a 30-day suspension be assessed, and that her former classification be restored. The Civil Service Board's order was issued on October 24, 2000. Unhappy with this ruling, the City filed a petition for a writ of certiorari in superior court 34 days later on November 27, 2000, the first Monday following Thanksgiving. On October 8, 2001, the superior court dismissed the petition as untimely filed, and the City appeals.

OCGA § 5-4-6 (a) states: "All writs of certiorari shall be applied for within 30 days after the final determination of the case in which the error is alleged to have been committed. Applications made after 30 days are not timely and shall be dismissed by the court." In conjunction with this rule, OCGA § 1-3-1 (d) (3) provides more generally:

> Except as otherwise provided by time period computations specifically applying to other laws, when a period of time measured in days, weeks, months, years, or other measurements of time except hours is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted; and, if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty. When the last day prescribed for such action falls on a public and legal holiday as set forth in Code Section 1-4-1, the party having the privilege or duty shall have through the next business day to exercise the privilege or to discharge the duty. When the period of time prescribed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

It is undisputed that the thirtieth day following the issuance of the Civil Service Board's order was Thursday, November 23, 2000, Thanksgiving Day of that year. It is also undisputed that the following day, Friday, November 24, 2000, was also a state holiday, and all courts were closed that day. As both of these days constituted holidays as set forth in OCGA § 1-4-1, the City of Atlanta had through the next business day to file its petition. That next business day was Monday, November 27, 2000, the day the City of Atlanta actually filed its petition.

Accordingly, the City of Atlanta timely filed its petition for writ of certiorari in this case, and the superior court's dismissal of that petition as untimely was improper.

*Judgment reversed. Johnson, P. J., and Miller, J., concur.*

Decided July 24, 2002.

*Susan P. Langford, Bernard R. Thomas, Sr., Chiquita T. Johnson,* for appellant.
*Mark Harper,* for appellee.